| SUMMONS | |
|---|---|
| District Court: SECOND JUDICIAL BERNALILLO COUNTY, New Mexico<br>Court Address:<br>400 Lomas Blvd NW, Albuquerque, NM 87102<br>Court Telephone No.: (505) 841-8400 | Case Number: D-202-CV-2022-07371<br><br>Judge: Joshua Andrew Allison |
| EDITH SUNIGA,<br><br>Plaintiff,<br>v.<br><br>WALGREEN COMPANY, and,<br>JOHN DOE PHARMACIST,<br><br>Defendants. | Defendant:<br>**WALGREEN COMPANY**<br><br>Address:<br>c/o Registered Agent<br>CSC of Lea County, Inc.<br>110 E. Broadway St.<br>Hobbs, NM 88240 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at ___KATINA WATSON___, New Mexico, this ___ day of 12/20/2022, 20___.



SECOND JUDICIAL DISTRICT COURT
CLERK OF THE COURT
By _____
Deputy Clerk

"Electronically Filed"
/s/ *Christopher D. Lee*       .
Signature of Attorney for Plaintiff
LAW OFFICE OF CHRISTOPHER D. LEE, LLC
1121 4th Street NW, Suite 1-A
Albuquerque, NM 87102
Telephone: (505) 888-4878
Facsimile: (505) 998-6603
chris@leeinjurylawyer.com

EXHIBIT A

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**[1]

STATE OF NEW MEXICO  )
                                  )ss
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]  to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]  to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]  to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]  to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]  to _____, an agent authorized to receive service of process for defendant _____.

[ ]  to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]  to _____ (*name of person*), _____,

EXHIBIT A

*(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees: _____

_____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this \_\_\_\_\_ day of _____, \_\_\_\_\_[2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

1. Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2. If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

EXHIBIT A

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
12/7/2022 2:18 PM
CLERK OF THE COURT
Patricia Serna

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

EDITH SUNIGA,

    Plaintiff,

v.                                                                                    No.         D-202-CV-2022-07371

WALGREEN COMPANY, and,
JOHN DOE PHARMACIST,

    Defendants.

## PLAINTIFF'S COMPLAINT FOR DAMAGES

For her causes of action against Defendants, Plaintiff Edith Suniga, by and through her attorney, Law Office of Christopher D. Lee, LLC (Christopher D. Lee), states:

1. Plaintiff Edith Suniga ("Plaintiff") is a resident of Bernalillo County, New Mexico, and a citizen of the state of New Mexico.

2. Upon information and belief, Defendant Walgreen Company ("Defendant Walgreen") is a foreign corporation, organized under the laws of the State of Illinois, and doing business as Walgreens, a national pharmacy chain store that does business in the State of New Mexico.

3. Defendant Walgreen's registered agent for service of process in New Mexico is CSC of Lea County, Inc. 110 E. Broadway St., Hobbs, NM 88240.

4. The acts and omissions described herein occurred at Walgreens Store #2053, located at 6565 Paradise Blvd. NW, Albuquerque, NM 87114, in Bernalillo County, New Mexico, a store and pharmacy owned and operated by Defendant Walgreen (the "Walgreens Pharmacy").

5. Upon information and belief, Defendant John Doe Pharmacist is a resident of or doing business in Bernalillo County, New Mexico, and a citizen of the state of New Mexico, who

1

EXHIBIT A

negligently misfilled Plaintiff's prescription at the Walgreens Pharmacy. That individual's identity is not found in the records obtained by Plaintiff from Defendant Walgreen prior to the filing of this Complaint. Plaintiff anticipates that Defendant John Doe Pharmacist's full name will be identified through the discovery process, at which time Plaintiff will seek to substitute their name for Defendant John Doe Pharmacist.

6. At all times relevant hereto, Defendant John Doe Pharmacist was acting in the course and scope of their employment with Defendant Walgreen.

7. This Court has jurisdiction over the parties and the subject matter herein, and venue is proper in Bernalillo County, State of New Mexico.

## ALLEGATIONS RELEVANT TO ALL COUNTS

8. Prior allegations are incorporated as if fully set forth herein.

9. Plaintiff underwent a successful right total knee replacement surgery performed by Joshua Carothers, MD, on December 13, 2019.

10. Dr. Carothers wrote a prescription for Gabapentin (Neurontin) for Plaintiff to fill following her discharge from the hospital.

11. The prescription was for thirty (30) capsules of Gabapentin 300 mg.

12. On or about December 15, 2019, Plaintiff's husband, Alex Suniga, delivered the written prescription for Gabapentin to the Walgreens Pharmacy with the expectation that it would be filled as written by the prescribing physician.

13. Upon information and belief, Defendant John Doe Pharmacist oversaw the handling of Plaintiff's prescription for Gabapentin.

14. Alex Suniga waited at the Walgreens Pharmacy until the he was given the prescription, which he took home to Plaintiff.

EXHIBIT A

15. Defendant Walgreen, through its employees, agents, or apparent agents, including Defendant John Doe Pharmacist, negligently filled the prescription with Duloxetine (Cymbalta) rather than Gabapentin.

16. Without knowledge that Defendants negligently misfilled her prescription for Gabapentin, Plaintiff consumed approximately two (2) capsules of Duloxetine over the next two (2) days.

17. The Duloxetine pills harmed Plaintiff.

18. As a result of her consumption of Duloxetine from the prescription misfilled by Defendants, Plaintiff began suffering severe medical symptoms, including vomiting, nausea, weakness, and fatigue.

19. As a result of these unexpected symptoms, Plaintiff realized that Defendants had misfilled her prescription for Gabapentin with Duloxetine and she discontinued taking any of the Duloxetine pills contained in the prescription bottle.

20. On or about December 17, 2019, Plaintiff began experiencing severe atrial fibrillation with rapid ventricular response as a result of consuming the Duloxetine in the prescription negligently misfilled by Defendants.

21. Plaintiff was transported by ambulance from her home to Presbyterian Rust Medical Center, where she was admitted and treated for the symptoms she suffered as a result of consuming the Duloxetine in the prescription negligently misfilled by Defendants.

22. Plaintiff was discharged from the hospital on or about December 19, 2019.

23. On or about December 17, 2019, Alex Suniga went to the Walgreens Pharmacy that had misfilled his wife's prescription to bring this dangerous error to their attention.

24. He spoke with one of the pharmacists or pharmacy techs there.

EXHIBIT A

25. That employee admitted the error to Alex Suniga and took possession of the prescription bottle and remaining capsules of Duloxetine.

26. Upon information and belief, Defendant Walgreen is in possession of the prescription bottle and remaining capsules of Duloxetine.

### COUNT I – NEGLIGENCE

27. Prior allegations are incorporated as if fully set forth herein.

28. At all times material hereto, Defendants owed Plaintiff a duty to exercise the knowledge, care, and skill of a reasonably well-qualified pharmacist and pharmacy.

29. Defendant Walgreen had duties to its customers, including Plaintiff, to take reasonable care in the operation, management, and provision of services and products, and the quality thereof, at Walgreens Pharmacy, including a duty to avoid or prevent an unreasonable risk of injury to its customers, including Plaintiff, as a result of the pharmacy's services or products.

30. Defendants breached their duties to Plaintiff by committing the acts and omissions alleged herein, as well as in ways that remain to be discovered.

31. Defendants are liable to Plaintiff for their negligence.

32. As a proximate result of the negligence of Defendants, Plaintiff has sustained damages for personal injuries, medical expenses, pain and suffering, mental anguish, impairment and disability, and loss of enjoyment of life.

### COUNT II – VICARIOUS LIABILITY

33. Prior allegations are incorporated as if fully set forth herein.

34. Defendant Walgreen employed Defendant John Doe Pharmacist at all relevant times hereto.

EXHIBIT A

35. At all relevant times hereto, Defendant John Doe Pharmacist was acting in the course and scope of their employment with Defendant Walgreen.

36. Alternatively, Defendant John Doe Pharmacist was an agent or apparent agent of Defendant Walgreen at all relevant times hereto.

37. Defendant Walgreen is vicariously liable for the negligence of its employees, agents and/or apparent agents, including Defendant John Doe Pharmacist.

38. Defendant Walgreen is liable for all damages caused by its employees, agents and/or apparent agents, including Defendant John Doe Pharmacist.

**COUNT III – NEGLIGENCE PER SE**

39. Prior allegations are incorporated as if fully set forth herein.

40. The New Mexico State Board of Pharmacy regulates the conduct of pharmacists and operations of pharmacies within the State of New Mexico pursuant to the New Mexico Drug, Device, and Cosmetic Act, NMSA 1978, §§ 26-1-1 to -26, and the Pharmacy Act, NMSA 1978, §§ 61-11-1 to -29. The Board of Pharmacy promulgates regulations implementing the requirements of these statutes in the New Mexico Administrative Code, Title 16, Chapter 19.

41. These statutory provisions and implementing regulations prescribe certain actions and define standards of conduct and were enacted for the benefit or protection of a class of the public, of which Plaintiff was a member at all times material hereto.

42. Defendants' conduct as set forth herein falls within the scope of the New Mexico Drug, Device, and Cosmetic Act and the Pharmacy Act and their implementing regulations.

43. Defendants violated New Mexico Administrative Code 16.19.4.16(A)(2) by failing to follow the responsibilities of pharmacists, including but not limited to the responsibility to identify, evaluate, and interpret Plaintiff's prescription prior to dispensing the medication.

EXHIBIT A

44. Defendants violated New Mexico Administrative Code 16.19.4.16(B)(1) by breaching the duty to assume the responsibility for the filled prescription provided to Plaintiff, including, but not limited to, the appropriateness of dose, accuracy of drug, strength, labeling, verification of ingredients and proper container.

45. Defendants violated New Mexico Administrative Code 16.19.4.16(B)(3) by breaching the duty to supervise all supportive personnel activities including preparation, mixing, assembling, packaging, labeling and storage of the prescription provided to Plaintiff.

46. The harm or injury to Plaintiff is the general type of harm or injury that the legislature sought through the statutes to prevent.

47. As a proximate result of the violation of the state law statutes and regulations by Defendants, which constitutes negligence per se, Plaintiff sustained damages for personal injuries, medical expenses, pain and suffering, mental anguish, impairment and disability, and loss of enjoyment of life.

### COUNT IV – VIOLATION OF THE UNFAIR PRACTICES ACT
### (Defendant Walgreen only)

48. Prior allegations are incorporated as if fully set forth herein.

49. Defendant Walgreen is a business operating in trade or commerce as defined under the New Mexico Unfair Practices Act, NMSA 1978, §§ 57-12-1 to -26 (the "UPA").

50. Plaintiff paid Defendant Walgreen to fill her prescription for Gabapentin.

51. The UPA prohibits unfair or deceptive trade practices, including false or misleading oral or written statements and other representations made in connection with the sale of goods or services.

52. The UPA expressly defines the failure to deliver the quality or quantity of goods or services contracted for as an unfair trade practice. *See* NMSA 1978, § 57-12-2(D)(17).

EXHIBIT A

53. Defendant Walgreen, by and through its employees, agents, or apparent agents, committed an unfair trade practice as defined under the UPA by failing to deliver the quality and quantity of goods contracted for by Plaintiff, which was for thirty (30) capsules of Gabapentin, and instead provided Plaintiff ninety (90) capsules of Duloxetine.

54. As a result of Defendant Walgreen's violation of the UPA, Plaintiff was harmed and sustained damages for personal injuries, medical expenses, pain and suffering, mental anguish, impairment and disability, and loss of enjoyment of life.

55. Plaintiff should be awarded her attorney's fees and costs from Defendant Walgreen for Defendant Walgreen's violation of the UPA, along with any other relief or damages available to Plaintiff under the UPA.

**WHEREFORE**, Plaintiff prays for judgment against Defendants awarding the following relief:

A. Compensatory damages in an amount to be determined at trial;

B. Post-judgment interest;

C. Plaintiff's costs;

D. Statutory damages, including attorney's fees, against Defendant Walgreen under the New Mexico Unfair Practices Act; and,

E. Additional relief as the Court deems proper.

Respectfully submitted,

/s/ *Christopher D. Lee*   .
Law Office of Christopher D. Lee, LLC
1121 4th St. NW, Suite 1-A
Albuquerque, NM 87102
Telephone: (505) 888-4878
Facsimile: (505) 998-6603
chris@leeinjurylawyer.com
Attorney for Plaintiff Edith Suniga

EXHIBIT A

D-202-CV-2022-07371

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
12/7/2022 2:18 PM
CLERK OF THE COURT
Patricia Serna

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

EDITH SUNIGA,

    Plaintiff,

v.   No._____

WALGREEN COMPANY, and,
JOHN DOE PHARMACIST,

    Defendants.

## ARBITRATION CERTIFICATE

Plaintiff Edith Suniga, pursuant to Second Judicial District Local Rules, Rule LR2-603, certifies as follows:

___ This party seeks only a money judgment and the amount sought does not exceed fifty thousand dollars ($50,000.00) exclusive of punitive damages, interest, costs and attorney fees.

_X_ This party seeks relief other than a money judgment and/or seeks relief in excess of fifty thousand dollars ($50,000.00) exclusive of punitive damages, interest, costs and attorney fees.

    Respectfully submitted,

    */s/ Christopher D. Lee* .
    Law Office of Christopher D. Lee, LLC
    1121 4th St. NW, Suite 1-A
    Albuquerque, NM 87102
    Telephone: (505) 888-4878
    Facsimile: (505) 998-6603
    chris@leeinjurylawyer.com
    Attorney for Plaintiff

EXHIBIT A

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
12/7/2022 2:18 PM
CLERK OF THE COURT
Patricia Serna

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

EDITH SUNIGA,

    Plaintiff,

v.                                     No. D-202-CV-2022-07371

WALGREEN COMPANY, and,
JOHN DOE PHARMACIST,

    Defendants.

## JURY DEMAND

    Plaintiff Edith Suniga, by and through her attorney, pursuant to Rule 1-038 NMRA, hereby demands a trial by a jury of six (6) persons. The sum of $150.00 is deposited herewith.

                        Respectfully submitted,

                        */s/ Christopher D. Lee*   .
                        Law Office of Christopher D. Lee, LLC
                        1121 4th St. NW, Suite 1-A
                        Albuquerque, NM 87102
                        Telephone: (505) 888-4878
                        Facsimile: (505) 998-6603
                        chris@leeinjurylawyer.com
                        Attorney for Plaintiff

**EXHIBIT A**